IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 14-31345 |
| JOSE LUIS ROJAS, | § | (Chapter 13) |
| DEBTOR. | § | |

**MOTION TO DISMISS CASE**

> This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.
>
> Represented parties should act through their attorney.

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW PNC Bank, N.A. ("PNC") and files its Motion to Dismiss Case and would respectfully show the Court as follows.

**SUMMARY OF MOTION**

> Debtor is residing in a 7,774 sq. ft. home with $837,989.76 total debt on petition date and **$231,201.42** mortgage arrears that are not disclosed anywhere in his schedules or provided for under the plan. The case is an undue delay to creditors and does not appear to have been filed in good faith. The budget is completely infeasible. The disposable income is **$200** and the amount needed just to cure the mortgage arrears by themselves would be **$3,853.35.**

1. 11 U.S.C. § 1307(c) provides

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) material default by the debtor with respect to a term of a confirmed plan;
>
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521 (a);
>
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521 (a); or
>
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

2. PNC hereby seek dismissal of this case for the following reasons:

    i) Cause – bad faith. Review below, and

    ii) Unreasonable delay by the debtor that is prejudicial to the creditors.

## **REVIEW**

3. Jose Luis Rojas ("Debtor") filed the instant Chapter 13 Case on August 18, 2014.

4. PNC has a secured claim on property 103 Horseshoe Ct, Sunland Park, New Mexico 88063 (the "Property") for $837.989.76 with ***$231.201.42 arrears.***

5. In Debtor's schedules nor plan the Debtor did not disclose any mortgage arrears.

6. Debtor's plan does not provide for these arrears and Debtor's income is deficient to cure such arrears. The plan merely states per DK# 38 , p. 2 that there is a loan modification in process. PNC does not reflect any such loan modification in process at this time.

7. Per Debtor's amended schedule J, DK# 26, p. 11, Debtor's disposable income is **$200 monthly**. In order to cure $231,201.42 mortgage arrears over 60 months, the monthly amount for solely the arrearage would be **$3,853.35**. Debtor's budget is wholly infeasible and there is no plausibility of Debtor, whose monthly income is $3,671.00, of being able to cure and maintain this mortgage claim which is $837,989.76 with $231,201.42 arrears.

8. Additionally, per Debtor's amended schedule J, DK# 26, p. 9, Debtor is residing alone in the Property.

9. Per the Sana Ana County Appraisal, the property is a 7,774 sq. ft. home built in 2008 with 3 bedroom, 4.5 bathrooms:



10. The totality of the circumstances show this case has been filed in bad faith to delay foreclosure. It is an infeasible plan with inaccurate schedules which intentionally omit an enormous mortgage shortage with no possibility to cure.

## **CONCLUSION**

11. The plan is infeasible, and undue delay to all creditors, and has not been filed in good faith. PNC respectfully requests the Court dismiss this case for the above reasons.

Wherefore, premises considered, PNC respectfully request the Court

i) Dismiss this case, and

ii) Grant unto PNC such further and other relief to which it may be so entitled.

Respectfully submitted,

*//s// Michael Weems*
Michael Weems   TBN:  24066273
Hughes Watters Askanase
333 Clay, 29th Floor
Houston, Texas 77002
(713) 328-2822
(713) 759-6834 – Fax
mlw@hwa.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served upon the following by both electronic notification as applicable and via first class mail, postage pre-paid, on February 12, 2015. First class mail sent in addition to any electronic notification.

| | |
|---|---|
| Debtor<br>Jose Luis Rojas<br>103 Horseshow Ct<br>Santa Teresa, NM 88008 | Karla Patricia Griffin<br>Watson Law Firm<br>1123 Rio Grande<br>El Paso, TX 79902 |
| **United States Trustee - EP12**<br>U.S. Trustee's Office<br>615 E. Houston, Suite 533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539 | **Kelly J. Harvey**<br>PO Box 131407<br>Houston, TX 77219<br><br>**Abbie L Ovbieko**<br>Attorney General of Texas, Child Support Division<br>6090 Surety Drive<br>El Paso, TX 79905 |
| Trustee<br>Stuart C. Cox<br>El Paso Chapter 13 Trustee<br>1760 N. Lee Trevino Dr.<br>El Paso, TX 79936 | |

                                                          *//s// Michael Weems*
                                                          Michael Weems